UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | C.A. No. 19-10291-WGY |

## STATUS REPORT

In advance of the hearing ordered for February 27, 2019, plaintiff American Civil Liberties Union of Massachusetts ("ACLUM") provides the Court with the following status report:

First, pursuant to the Court's February 19, 2019 Order (Docket No. 5), undersigned counsel sent notice of the hearing to counsel for the government on February 19, 2019. *See* Ex. A (email notice). Counsel for the government acknowledged receipt. *See id.*

Second, ACLUM continues to request that the Court expedite this litigation to the maximum extent possible. On February 15th, the President proclaimed that a state of domestic emergency exists at the U.S.-Mexico border and purported to authorize the further deployment of military forces to that region, the transfer of "border lands" to military jurisdiction, and the

diversion of federal appropriations.[1]  To date, neither Congress nor the courts have blocked the operation of this proclamation.  Consequently, in order to assess whether the President's ongoing actions are improper or unjustified, the public requires immediate access to reliable information concerning the status of the U.S.-Mexico border and the veracity of the President's related factual assertions.  *See* 28 U.S.C. § 1657.

Third, ACLUM has received additional correspondence concerning the Request.  This suit was filed at approximately 9:31 a.m. on Friday, February 15, 2019.  Shortly thereafter, the Associated Press reportedly contacted defendant U.S. Customs and Border Protection ("CBP") for comment.  *See* Ex. B (AP Article).  Late that afternoon, undersigned counsel received two emails from foiaonline.gov.  *See* Ex. C (3:23 p.m. email); Ex. D (3:54 p.m. email).  The first amended the tracking number for the Request that is the subject of this suit.  *See* Ex. C.  The second contained a letter from CBP that purports to be its "final response" to the Request.  *See* Ex. D.  The letter states that it is responding to a request for "contract records pertaining to 115-miles of border wall in the Rio Grande Valley."  *Id.*  It further states that CBP "conducted a comprehensive search of files within the CBP databases," and that CBP was "unable to locate or identify any responsive records."  *Id.*

The need for judicial intervention remains.  As a matter of law, the defendants cannot re-open the administrative process after a FOIA suit has properly been filed.  *See, e.g.*, *Pollack v. Dep't of Justice*, 49 F.3d 115, 118-19 (4th Cir. 1995).  And, to the extent the Court considers CBP's letter at all, that letter is inadequate, including because:

---

[1] *See* Presidential Proclamation on Declaring a National Emergency Concerning the Southern Border of the United States (Feb. 15, 2019), https://www.whitehouse.gov/presidential-actions/presidential-proclamation-declaring-national-emergency-concerning-southern-border-united-states/; Remarks by President Trump on the National Security and Humanitarian Crisis on our Southern Border (Feb. 15, 2019), https://www.whitehouse.gov/briefings-statements/remarks-president-trump-national-security-humanitarian-crisis-southern-border/.

   a. CBP's response appears to artificially narrow the scope of the Request. The President announced a "115 mile long contract for another large section of the Wall *in Texas*." Cmplt. ¶31 (emphasis added). However, CBP appears to have construed the Request as seeking "contract records pertaining to 115-miles of border wall *in the Rio Grande Valley*." Ex. D (emphasis added). The Rio Grande Valley is an area located near the southernmost tip of Texas,[2] which comprises only a small portion of the U.S.-Mexico border in that state.

   b. ACLUM has challenged the adequacy of CBP's search for the requested records. Cmplt. ¶49. The President himself has publicly asserted that the referenced contract exists, and that it procures the construction of a very large section of his proposed border wall. *Id.* ¶31. Yet, astonishingly, CBP claims that it can find no record of either the contract itself or any memoranda and documentation pertaining to it. Ex. D. CBP should be required to prove the adequacy of its search, including by providing detailed affidavits concerning the scope, methodology, and results. *See Maynard v. C.I.A.*, 986 F.2d 547, 559-60 (1st Cir. 1993).

   c. Although the Request was initially directed to the Department of Homeland Security ("DHS"), it appears that DHS has never conducted any search for responsive records at all. If the President actually "gave out" a massive construction contract for a project falling within DHS's jurisdiction, and relating to an issue central to the President's public policy agenda, then DHS and its leadership would almost certainly have received documentation pertaining to that contract. Such documentation is responsive to the Request. DHS should be required to conduct a search, establish the adequacy of that search, and produce any responsive records it may locate.

In summary, continuation of this litigation remains necessary to allow ACLUM and the public to adequately assess whether the referenced contract was issued in violation of federal procurement procedures, whether the President is expending funds without Congressional authorization, and whether the President violated the public trust by fabricating the existence of a major government construction contract.

---

[2] *See* USGAO Report, Southwest Border Security, at 8, https://www.gao.gov/assets/700/693488.pdf; Rio Grande Valley Area, Tex. Dep't of Transp., http://ftp.dot.state.tx.us/pub/txdot-info/trv/maps/harlingen-valley-combined.pdf.

Dated: February 25, 2019

Respectfully submitted,

*/s/ Daniel L. McFadden*
Matthew R. Segal (BBO #654489)
Daniel L. McFadden (BBO #676612)
American Civil Liberties Union
Foundation of Massachusetts, Inc.
211 Congress Street
Boston, MA 02110
617-482-3170
msegal@aclum.org
dmcfadden@aclum.org

Alycia M. Kennedy (BBO#688801)
Todd & Weld LLP
One Federal Street
Boston, MA 02110
(617) 720-2626
akennedy@toddweld.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on all registered participants by filing it in the CM/ECF system.

*/s/ Daniel L. McFadden*
Daniel L. McFadden